IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00555-WDM-CBS

CRAIG HAMILTON,

    Plaintiff,

v.

YUCATAN PROPERTIES, S.A. DE C.V., d/b/a AVALON REEF CLUB,

    Defendant.

## ORDER ON CHOICE OF LAW

Miller, J.

This matter is before me on the Plaintiff's Memorandum Regarding Choice of Law (doc no 54). Plaintiff Craig Hamilton (Hamilton) filed this personal injury lawsuit against Defendant Yucatan Properties, S.A. De C.V., d/b/a Avalon Reef Club (Yucatan), seeking damages as a result of a fall he claims was attributable to Yucatan. The Clerk entered default on January 15, 2008 (doc no 44) and Plaintiff requested a default judgment (doc no 45). A hearing to address damages was set for April 10, 2008; at that hearing, however, it became clear that there was an issue as to the choice of law, as the relevant events occurred in Mexico. Accordingly, Plaintiff was ordered to submit a memorandum regarding the applicable choice of law for liability and damages determinations.

Because Plaintiff's claim is a state law negligence cause of action, I apply Colorado choice of law principles, specifically the "most significant relationship test." *Sabell v. Pacific Intermountain Express Co.,* 536 P.2d 1160, 1164-65 (Colo. App. 1975).

Plaintiff asserts that Mexican law should be used to determine the standard of care and whether Defendant is liable to Mr. Hamilton. I agree with Plaintiff that given the location of the accident, the interest of the foreign state, and the residence of the parties, Mexican law should determine the liability issues in this matter. I conclude that Plaintiff's memorandum satisfies the requirements of Fed. R. Civ. P. 44.1, which requires that a party provide written notice regarding the intent to raise an issue concerning the law of a foreign country.

Plaintiff also asserts that damages should be determined in accordance with Colorado law. *Sabell*, 536 P.2d at 1166. I agree. Plaintiff is a resident of Colorado, Defendant apparently did business in Colorado, Plaintiff's expenses were incurred in Colorado, and the case was filed in Colorado, all of which give Colorado a closer connection to the issues relating to Plaintiff's recovery.

Accordingly, it is ordered:

1. In determining Plaintiff's entitlement to default judgment, Mexican law shall apply to issues of liability and Colorado state law shall apply to issues of damages and other relief.
2. Plaintiff shall contact chambers within ten days of the issuance of this order to set a hearing regarding default judgment and damages.

DATED at Denver, Colorado, on July 10, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge