IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No.   06-cv-00555-WDM-CBS

CRAIG HAMILTON,

        Plaintiff,

v.

YUCATAN PROPERTIES, S.A. DE C.V., d/b/a AVALON REEF CLUB,

        Defendant.
_____

**ORDER**
_____


        This matter is before me on the Plaintiff's Request for Entry of Default Judgment

against the defendant.  Following evidentiary hearing and full consideration of all

evidence presented to me, I make the following findings of fact and conclusions of law:

        1.  This court has jurisdiction over this matter and the Defendant is in default.

        2.  Venue is proper in this court.

        3.  Plaintiff has proved by a preponderance of the evidence that he suffered a

knee injury on the Defendant's premises in the following circumstances: He was a guest

at Defendant's resort.  As part of the resort activities he was unloaded from Defendant's

boat on to a dock under the control of Defendant in poorly lit conditions.  Stepping from

a resort boat he stepped through a preexisting hole in the dock which caused serious

injury to his knee on or about April 3, 2004.  As a result of the injury the Plaintiff has

incurred reasonably necessary medical expenses, including surgery, totaling $8059.58.

Further surgery will be required to replace the Plaintiff's knee joint at a cost of $30,000. I find Plaintiff has failed to prove by a preponderance of evidence that repeat knee joint surgery will be required.

4. As a result of the injury, Plaintiff has suffered pain and suffering in the past and will in the future.

5. Plaintiff seeks damages for such injuries and for loss of earnings and earning capacity but I find and conclude that the Plaintiff has failed to prove how I could arrive at an amount of lost earnings or earning capacity, if any, without engaging in speculation. Accordingly there has been failure of proof by a preponderance of the evidence which is Plaintiff's burden.

6. Plaintiff also seeks damages for permanent impairment and or disability but again has not proved by a preponderance of the evidence any amount of damages without engaging in speculation.

7. In accordance with the law of Mexico, I conclude that Defendant's fault caused the injury to Plaintiff and Defendant is legally responsible to pay Plaintiff's damages.

8. Given the amount of past and future medical expenses, a reasonable amount for pain, suffering and other non-economic damages is $41,940.42, an amount approximately equal to the amount of medical expenses.

Accordingly it is ordered:

1. Judgment shall enter in favor of Plaintiff and against Defendant in the amount of $80,000, together with prejudgment interest in accordance with Colorado law; and

2.  Plaintiff may have his costs pursuant to law.

DATED at Denver, Colorado on November 21, 2008

BY THE COURT:


s/ Walker D. Miller
United States District Judge